# SUPREME COURT OF THE UNITED STATES

## STATE OF ALASKA *v.* UNITED STATES OF AMERICA

### ON BILL OF COMPLAINT

No. 128, Orig.　Decree entered January 23, 2006

The Report of the Special Master is received and ordered filed. The joint motion for entry of decree is granted, and the proposed decree is entered. Gregory E. Maggs, Esq., of Washington, D. C., the Special Master in this case, is hereby discharged with the thanks of the Court. THE CHIEF JUSTICE took no part in the consideration or decision of this case.

## DECREE

On June 12, 2000, the Court granted the State of Alaska leave to file a bill of complaint to quiet title relating to certain marine submerged lands in Southeast Alaska. 530 U. S. 1228. The Court appointed a Special Master to direct subsequent proceedings and to submit such reports as he deemed appropriate. 531 U. S. 941 (2000). On January 8, 2001, the Court granted the State of Alaska leave to file an amended complaint. 531 U. S. 1066. On March 5, 2001, the Court referred the State of Alaska's amended complaint and the United States' answer to the Master. 532 U. S. 902. From 2001 to 2004, the Special Master oversaw extensive briefing of motions for summary judgment relating to the various counts of the amended complaint. On April 26, 2004, the Court received and ordered filed the Report of the Special Master on Six Motions for Partial Summary Judgment and One Motion for Confirmation of a Disclaimer of Title (March 2004). 541 U. S. 1008. On June 6, 2005, this Court overruled the State of Alaska's exceptions and directed the parties to prepare and submit an appropriate decree to the Master for the Court's consideration. 545 U. S. \_\_\_, \_\_\_. The

parties have prepared a proposed decree, and the Master recommends its approval.

Accordingly,

## IT IS ORDERED, ADJUDGED, AND DECREED

1. On counts I and II of the amended complaint of the State of Alaska, judgment is granted to the United States, and the State of Alaska shall take nothing. As between the State of Alaska and the United States, the United States has title to the marine submerged lands underlying the pockets and enclaves of water at issue in counts I and II of the State of Alaska's amended complaint, which are those marine submerged lands that are more than three geographical miles from every point on the coastline of the mainland or of any individual island of the Alexander Archipelago. See *Alaska* v. *United States*, 545 U. S. ___, ___ (2005). For purposes of determining the United States' title:

(a) the term "marine submerged lands" means all lands permanently or periodically covered by tidal waters up to but not above the line of mean high tide (Submerged Lands Act, ch. 65, Tit. I, §2(a)(2), 67 Stat. 29 (43 U. S. C. §1301(a)(2));

(b) the term "coast line" means "the line of ordinary low water along that portion of the coast which is in direct contact with the open sea and the line marking the seaward limit of inland waters," as defined in §2(c) of the Submerged Lands Act, ch. 65, Tit. I, 67 Stat. 29 (43 U. S. C. §1301(c)); and

(c) the line marking the seaward limit of inland waters shall be determined in accordance with the Court's rulings that: (i) the waters of the Alexander Archipelago do not constitute historic inland waters; and (ii) "North Bay," "South Bay," Sitka Sound, and Cordova Bay, as designated in this action, do not constitute juridical bays. See *Alaska* v. *United States*, 545 U. S., at ___–___.

Decree

2. On count IV of the amended complaint of the State of Alaska, judgment is granted to the United States, and the State of Alaska shall take nothing. As between the State of Alaska and the United States, the United States has title to the marine submerged lands within the exterior boundaries of Glacier Bay National Monument as those boundaries existed on the date of the State of Alaska's admission to the Union. See *Alaska* v. *United States*, 545 U. S., at \_\_\_. For purposes of determining the United States' title, the term "marine submerged lands" means all lands permanently or periodically covered by tidal waters up to but not above the line of mean high tide (Submerged Lands Act, ch. 65, Tit. I, §2(a)(2), 67 Stat. 29 (43 U. S. C. §1301(a)(2)).

3. The motion of the State of Alaska for summary judgment on count III is dismissed as moot, and count III is dismissed for lack of jurisdiction. In accordance with 28 U. S. C. §2409a(e), the following disclaimer of the United States is confirmed:

DISCLAIMER

(1) Pursuant to the Quiet Title Act, 28 U. S. C. §2409a(e), and subject to the exceptions set out in paragraph (2), the United States disclaims any real property interest in the marine submerged lands within the exterior boundaries of the Tongass National Forest, as those boundaries existed on the date of Alaska Statehood.

(2) The disclaimer set out in paragraph (1) does not disclaim:

(a) any submerged lands that are subject to the exceptions set out in §5 of the Submerged Lands Act, ch. 65, Tit. II, 67 Stat. 32 (43 U. S. C. §1313);

(b) any submerged lands that are more than three geographic miles seaward of the coastline;

(c) any submerged lands that were under the juris-

diction of an agency other than the United States Department of Agriculture on the date of the filing of the complaint in this action;

(d) any submerged lands that were held for military, naval, Air Force, or Coast Guard purposes on the date that Alaska entered the Union.

(3) For purposes of this disclaimer:

(a) The term "coast line" means "the line of ordinary low water along that portion of the coast which is in direct contact with the open sea and the line marking the seaward limit of inland waters," as defined in §2(c) of the Submerged Lands Act, ch. 65, Tit. I, 67 Stat. 29 (43 U. S. C. §1301(c)).

(b) The term "submerged lands" means "lands beneath navigable waters" as defined in §2(a) of the Submerged Lands Act, ch. 65, Tit. I, 67 Stat. 29 (43 U. S. C. §1301(a)).

(c) The term "marine submerged lands" means "all lands permanently or periodically covered by tidal waters up to but not above the line of mean high tide." See Submerged Lands Act, ch. 65, Tit. I, §2(a)(2), 67 Stat. 29 (43 U. S. C. §1301(a)(2)).

(d) The term "jurisdiction" has the meaning of that word in the Quiet Title Act, 28 U. S. C. §2409a(m).

(e) The exception set out in §5(a) of the Submerged Lands Act, ch. 65, Tit. II, 67 Stat. 32 (43 U. S. C. §1313(a)), for lands "expressly retained by or ceded to the United States when the State entered the Union" does not include lands under the jurisdiction of the Department of Agriculture unless, on the date Alaska entered the Union, that land was:

(i) withdrawn pursuant to act of Congress, Presidential Proclamation, Executive Order, or public land order of the Secretary of Interior, other than the Presidential Proclamation of August 20, 1902 (32 Stat. 2025), which established the Alexander Archipelago

Decree

Forest Reserve; the Presidential Proclamation of September 10, 1907 (35 Stat. 2152), which created the Tongass National Forest; or the Presidential Proclamations of February 16, 1909 (35 Stat. 2226), and June 10, 1925 (44 Stat. 2578), which expanded the Tongass National Forest; or

(ii) subject to one or more of the following pending applications for withdrawal pursuant to 43 CFR Part 295 (1954 and Supp. 1958), designated by Bureau of Land Management serial numbers: AKA 022828; AKA 026916; AKA 029820; AKA 031178; AKA 032449; AKA 033871; AKA 034383; AKJ 010461; AKJ 010598; AKJ 010761; AKJ 011157; AKJ 011168; AKJ 011203; AKJ 011210; AKJ 011212; AKJ 011213; AKJ 011291.

4. The Court retains jurisdiction to entertain such further proceedings, enter such orders, and issue such writs as from time to time may be deemed necessary or advisable to effectuate and supplement this Decree and the rights of the respective parties. In all other respects, this Decree is final.